## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 422
#### MATTHEWS v. CURTIS
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2769. Decided March 8, 1926

997. REAL ESTATE—1. Where property is conveyed by deed to a trustee to be by him conveyed to the children of the cestui que trust, such children have no title or remainder in the property.

2. The interest of such children cannot be reached by attachment or execution.

CUSHING, J.

It appears from the evidence introduced in this action, that John D. Matson in 1874 executed a conveyance deed to John B. Matson, providing in the disposition that the property subject of the deed be held in trust to be used by Albert Matson during his life.

The deed further provided that after the death of Albert Matson, the trustee deed the property in fee to the children of the said Albert Matson, and that the property be deeded to them free and clear of all incumbrances. Albert Matson continued in possession until his death in 1924.

Jacob F. Matson, one of the sons of Albert Matson, died in 1908. Ora Matthews obtained a judgment against this son in 1905, service being made by publication. The same year execution was issued and levy was made against the property, and in 1910 second execution was levied.

The question at issue is whether or not Jacob F. Matson had any title to the property that could be attached, or sold under execution at the time of bringing the action against him. Hamilton Common Pleas held that he did not. On error proceedings Court of Appeals held:

1. The original conveyance to the trustee was by deed transferred to him for a valuable consideration.

2. The title to the property vested in the trustee and his successors in trust.

3. The trustee was directed to hold the property and convey it "as free from any incumbrances or liens as the same are at this date". This prevents the trustee from selling, incumbering, or leasing same.

4. Neither the cestui que trust nor his children could incumber same until it had been conveyed to them as provided in the deed.

5. Jacob F. Matson, at no time, had any interest in the property that could be attached, levied upon, or sold on execution.

6. The attachment, service by publication, and the levy of execution were therefore void.

Judgment of Common Pleas affirmed.

Attorneys—Littleford & Ballard and George Metzger for Matthews; P. J. Wortman for Curtis; all of Cincinnati.

No. 423
#### ALLEN v. STATE
Ohio Appeals, 6th Dist., Lucas Co.
No. 1632. Decided Feb. 23, 1926

511. FALSE PRETENSES—Not prejudicial error when court in charge uses expression, "If he made these false pretenses," when taken in connection with the whole charge, it being apparent that the facts to determine whether or not representations were false were left for the jury and that it could not have been misled.

RICHARDS, J.

Declan Allen was convicted in the Lucas Common Pleas of obtaining $400 by false pretenses. It was claimed that no offense was charged in the indictment and the trial judge erred in admission of evidence and in making charge to the jury.

The trial judge in the charge to the jury used the expression "If he made these false pretenses". This it was claimed was error. On prosecution of error, the Court of Appeals held:

It was for the jury to find from the evidence under instructions of the court whether the pretenses were false or not, and the expression was an unfortunate one to use; but reading the whole charge together, it is perfectly clear that the trial judge left to the jury to find all the facts and to determine whether the representations were false or otherwise; and it is therefore apparent that the jury could not have been misled by this expression.

Judgment affirmed.

Attorneys—Charles P. Carroll for Allen; Roy R. Stuart, Pros. Atty., and John C. Cochrane, Ass't Pros. Atty., for State; all of Toledo.